S. P. LANCASTER'S ASSIGNEES *v.* MILLIE JOHNSON.

S. P. LANCASTER'S ASSIGNEES *v.* WILLIAM JOHNSON.

[Abstract Kentucky Law Reporter, Vol. 5—244.]

**Duty of the Holder of Collateral Security.**

The holder of collateral security is only required to act in good faith and to use ordinary diligence in making the collaterals available, and when such collaterals are with ordinary diligence used to the extent of their value to reduce the debt, or if they are entirely worthless, the sureties have no right to complain.

APPEAL FROM NELSON CIRCUIT COURT.

September 20, 1883.

OPINION BY JUDGE HINES:

In these two cases, considered together, the evidence shows that appellee held two notes, for $1,000 each, as collateral security for a debt for which appellants were sureties; that the notes were for the purchase-money for land; that the purchaser and payer being insolvent and setting up a defense that might have defeated any judgment against her or the land, appellee, with the consent and by the direction of the payee in the notes, agreed to take and did take a judgment for the enforcement of the lien, waiving a personal judg-

ment. The land was sold under this judgment and the amount for which it sold credited upon the indebtedness for which the notes were held as collateral. There is no allegation or proof of fraud or negligence on the part of appellee, the only contention being that the failure to take personal judgment released the sureties. This view rests upon the idea that the surrender of any collateral by the holder, whether it be of value or not, and although done with the best of motive, and although in no way detrimental to the interest of the sureties, releases them. This is not the correct rule. The holder of the collateral is only required to act in good faith and to use ordinary diligence in making the collaterals available. If the collaterals are, with ordinary diligence, used to the extent of their value to reduce the debt, or if they are entirely worthless, the sureties have no right to complain. *Sanford v. Lowenthal,* 10 Ky. Opin. 817, 1 Ky. L. 357.

Judgment *affirmed.*

*J. C. Wickliffe, for appellants.*

